UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRAIG OHLENDORF,

NO. CIV. S-09-2081 LKK/EFB

          Plaintiff,

     v.

AMERICAN HOME MORTGAGE                    O R D E R
SERVICING, et al.,

          Defendants.

_____/

     This case involves the foreclosure of plaintiff's mortgage. His First Amended Complaint ("FAC") names thirteen defendants and enumerates ten causes of action. Defendants American Home Mortgage Servicing, Inc. ("AHMSI"), AHMSI Default Services, Inc. ("ADSI"), Deutsche Bank National Trust Company ("Deutsche"), and Mortgage Electronic Registration Systems, Inc. ("MERS") move to dismiss all claims against them, and in the alternative, for a more definite statement of plaintiff's second and seventh causes of action. These defendants also move to expunge a Lis Pendens recorded by plaintiff on the subject property and request an award of attorney fees.

1

Defendant T.D. Service Company ("T.D.") separately moves to dismiss all claims against it. The court concluded that oral argument was not necessary in this matter, and decides the motions on the papers. For the reasons stated below, the motions to dismiss are granted in part and denied in part, and the motion to expunge is denied. Because the court grants plaintiff leave to file an amended complaint, the alternative motion for a more definite statement is denied.

### I. BACKGROUND

**A.    Refinance of Plaintiff's Mortgage[1]**

On or about February 1, 2007, plaintiff was approached by defendant Ken Jonobi ("Jonobi") of defendant Juvon, who introduced plaintiff to defendant Anthony Alfano ("Alfano"), a loan officer employed by defendant Novo Mortgage ("Novo"). FAC ¶ 24. Defendant Alfano approached plaintiff, representing himself as the loan officer for defendant Novo, and solicited refinancing of a loan currently secured by plaintiff's residence in New Castle, California. FAC ¶ 25. Defendant Alfano advised plaintiff that Alfano could get plaintiff the "best deal" and "best interest rates" available on the market. FAC ¶ 26.

In a loan brokered by Alfano, plaintiff then borrowed $450,000, the loan being secured by a deed of trust on his residence. FAC ¶ 28. Alfano advised plaintiff that he could get a

---

[1] These facts are taken from the allegations in the FAC unless otherwise specified. The allegations are taken as true for purposes of this motion only.

1  fixed rate loan, but the loan sold to him had a variable rate which
2  subsequently adjusted. Id. At the time of the loan, plaintiff's
3  Fair Isaac Corporation ("FICO") score, which is used to determine
4  the type of loans for which a borrower is qualified, should have
5  classified him as a "prime" borrower, but Alfano classified
6  plaintiff as a "sub-prime" borrower without disclosing other loan
7  program options. FAC ¶ 29. Plaintiff was advised by Alfano that if
8  the loan became unaffordable, Alfano would refinance it into an
9  affordable loan. FAC ¶ 31. Plaintiff was not given a copy of any
10 loan documents prior to closing, and at closing plaintiff was given
11 only a few minutes to sign the documents and, as a result, could
12 not review them. FAC ¶ 32. Plaintiff did not receive required
13 documents and disclosures at the origination of his refinancing
14 loan, including the Truth in Lending Act ("TILA") disclosures and
15 the required number of copies of the notice of right to cancel. FAC
16 ¶ 43. This new loan was completed on or about May 16, 2007.

17    The deed of trust identified Old Republic Title Company as
18 trustee, defendant American Brokers Conduit as lender, and
19 defendant Mortgage Electronic Registration Systems, Inc. ("MERS")
20 as nominee for the lender and beneficiary. FAC ¶¶ 34-35. MERS's
21 conduct is governed by "Terms and Conditions" which provide that:

22          MERS shall serve as mortgagee of record with
            respect to all such mortgage loans solely as a
23          nominee, in an administrative capacity, for
            the beneficial owner or owners thereof from
24          time to time. MERS shall have no rights
            whatsoever to any payments made on account of
25          such mortgage loans, to any servicing rights
            related to such mortgage loans, or to any
26          mortgaged properties securing such mortgage

> loans. MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to such mortgage loans or mortgaged properties. References herein to "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under a deed of trust and any other form of security instrument under applicable state law.

FAC ¶ 10. MERS was not licensed to do business in California and was not registered with the state at the inception of the loan. FAC ¶ 35.

On or about April 17, 2009, a letter was mailed to defendant AHMSI which plaintiff alleges was a qualified written request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), identifying the loan, stating reasons that plaintiff believed the account was in error, requesting specific information from defendant, and demanding to rescind the loan under the Truth in Lending Act ("TILA"). FAC ¶ 36. Plaintiff alleges that AHMSI never properly responded to this request. Id.

**B.   Events Subsequent to Refinance of Plaintiff's Loan**

On or about June 23, 2009, defendant T.D. filed a notice of default in Placer County, identifying Deutsche as beneficiary and AHMSI as trustee. FAC ¶ 46. In an assignment of deed of trust dated July 15, 2009, MERS assigned the deed of trust to AHMSI. Defendants' Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's First Amended Complaint and Motion to Expunge Notice of Pendency of Action ("Defs.' RFJN") Ex. 4. This assignment of deed of trust purports to be effective as of June 9, 2009. Id. A second assignment of deed of trust was executed on the same date

4

1  as the first, July 15, 2009, but the time mark placed on the second

2  assignment of deed of trust by the Placer County Recorder indicates

3  that it was recorded eleven seconds after the first. Defs.' RFJN

4  Exs. 4-5. In this second assignment of deed of trust, AHMSI

5  assigned the deed of trust to Deutsche. Defs.' RFJN Ex. 5. This

6  assignment indicates that it was effective as of June 22, 2009. <u>Id.</u>

7  Both assignments were signed by Korell Harp. The assignment

8  purportedly effective June 9, 2009, lists Harp as vice president of

9  MERS and the assignment purportedly effective June 22, 2009, lists

10 him as vice president of AHMSI. Defs.' RFJN Exs. 4-5. Six days

11 later, on July 21, 2009, plaintiff recorded a notice of pendency of

12 action with the Placer County Recorder. Defs.' RFJN Ex. 6. In a

13 substitution of trustee recorded on July 29, 2009, Deutsche, as

14 present beneficiary, substituted ADSI as trustee. Defs.' RFJN Ex.

15 7.

16                          **II. STANDARD**

17 **A.    Standard for a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss**

18        A Fed. R. Civ. P. 12(b)(6) motion challenges a complaint's

19 compliance with the pleading requirements provided by the Federal

20 Rules. In general, these requirements are provided by Fed. R.

21 Civ. P. 8, although claims that "sound[] in" fraud or mistake

22 must meet the requirements provided by Fed. R. Civ. P. 9(b). <u>Vess</u>

23 <u>v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

24        **1.    Dismissal of Claims Governed by Fed. R. Civ. P. 8**

25        Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a

26 "short and plain statement of the claim showing that the pleader

                                  5

is entitled to relief." The complaint must give defendant "fair
notice of what the claim is and the grounds upon which it rests."
Bell Atlantic v. Twombly, 550 U.S. 544, at 555 (2007) (internal
quotation and modification omitted).

To meet this requirement, the complaint must be supported by
factual allegations. Ashcroft v. Iqbal,___ U.S. ___, 129 S. Ct.
1937, 1950 (2009). "While legal conclusions can provide the
framework of a complaint," neither legal conclusions nor
conclusory statements are themselves sufficient, and such
statements are not entitled to a presumption of truth. Id. at
1949-50. Iqbal and Twombly therefore prescribe a two step process
for evaluation of motions to dismiss. The court first identifies
the non-conclusory factual allegations, and the court then
determines whether these allegations, taken as true and construed
in the light most favorable to the plaintiffs, "plausibly give
rise to an entitlement to relief." Id.; Erickson v. Pardus, 551
U.S. 89 (2007).

"Plausibility," as it is used in Twombly and Iqbal, does not
refer to the likelihood that a pleader will succeed in proving
the allegations. Instead, it refers to whether the non-conclusory
factual allegations, when assumed to be true, "allow[] the court
to draw the reasonable inference that the defendant is liable for
the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The
plausibility standard is not akin to a 'probability requirement,'
but it asks for more than a sheer possibility that a defendant
has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). A

1 complaint may fail to show a right to relief either by lacking a
2 cognizable legal theory or by lacking sufficient facts alleged
3 under a cognizable legal theory. <u>Balistreri v. Pacifica Police</u>
4 <u>Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

5     **2.   Dismissal of Claims Governed by Fed. R. Civ. P. 9(b)**

6     A Rule 12(b)(6) motion to dismiss may also challenge a
7 complaint's compliance with Fed. R. Civ. P. 9(b). <u>See</u> <u>Vess</u>, 317
8 F.3d at 1107. This rule provides that "In alleging fraud or
9 mistake, a party must state with particularity the circumstances
10 constituting fraud or mistake. Malice, intent, knowledge, and
11 other conditions of a person's mind may be alleged generally."
12 These circumstances include the "time, place, and specific
13 content of the false representations as well as the identities of
14 the parties to the misrepresentations." <u>Swartz v. KPMG LLP</u>, 476
15 F.3d 756, 764 (9th Cir. 2007) (quoting <u>Edwards v. Marin Park,</u>
16 <u>Inc.</u>, 356 F.3d 1058, 1066 (9th Cir. 2004)). "In the context of a
17 fraud suit involving multiple defendants, a plaintiff must, at a
18 minimum, 'identif[y] the role of [each] defendant[] in the
19 alleged fraudulent scheme.'" <u>Id.</u> at 765 (quoting <u>Moore v. Kayport</u>
20 <u>Package Express</u>, 885 F.2d 531, 541 (9th Cir. 1989)). Claims
21 subject to Rule 9(b) must also satisfy the ordinary requirements
22 of Rule 8.

23 **B.   Standard for Motion for a More Definite Statement**

24     "If a pleading to which a responsive pleading is permitted
25 is so vague or ambiguous that a party cannot reasonably be
26 required to frame a responsive pleading, the party may move for a

1    more definite statement before interposing a responsive

2    pleading."  Fed. R. Civ. P. 12(e).  "The situations in which a

3    Rule 12(e) motion is appropriate are very limited." 5A Wright and

4    Miller, Federal Practice and Procedure § 1377 (1990).

5    Furthermore, absent special circumstances, a Rule 12(e) motion

6    cannot be used to require the pleader to set forth "the statutory

7    or constitutional basis for his claim, only the facts underlying

8    it."  McCalden v. California Library Ass'n, 955 F.2d 1214, 1223

9    (9th Cir. 1990).  However, "even though a complaint is not

10   defective for failure to designate the statute or other provision

11   of law violated, the judge may in his discretion . . . require

12   such detail as may be appropriate in the particular case."

13   McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

14   **C.   Standard for Motion to Expunge Notice of Pendency of Action**
        **(Lis Pendens)**

15

16       A lis pendens is a "recorded document giving constructive

17   notice that an action has been filed affecting title or right to

18   possession of the real property described in the notice." Urez

19   Corp. v. Superior Court, 190 Cal. App. 3d 1141, 1144 (1987). Once

20   filed, a lis pendens prevents the transfer of that real property

21   until the lis pendens is expunged or the litigation is resolved.

22   BGJ Assoc., LLC v. Superior Court of Los Angeles, 75 Cal. App.

23   4th 952, 966-67 (1999).

24       A court must expunge a lis pendens without bond if the court

25   makes any of these findings: (1) plaintiff's complaint does not

26   contain a "real property claim," which is defined as one

                                      8

1  affecting title or possession of specific real property, Cal.

2  Code. Civ. Pro. § 405.4; (2) plaintiff "has not established by a

3  preponderance of the evidence the probably validity of a real

4  property claim," where probably validity requires a showing that

5  it is more likely than not that the plaintiff will obtain a

6  judgment against the defendant on the claim, id. §§ 405.3,

7  405.32; or (3) there was a defect in service or filing, id. §

8  405.32. See Castaneda v. Saxon Mortgage Servs., Inc., No. 2:09-

9  01124 WBS DAD, 2010 WL 726903, *8 (E.D. Cal. Feb 26, 2010).

10  **III. ANALYSIS**

11  **A.   Failure to Allege Ability to Make Tender**

12  Defendants AHMSI, ADSI, Deutsche, and MERS argue that all of

13  plaintiff' claims are barred by plaintiff's failure to allege his

14  ability to tender the loan proceeds. Defendants assert that

15  Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101 (1996),

16  requires a valid tender of payment to bring any claim that arises

17  from a foreclosure sale. Abdallah, however, merely requires an

18  allegation to tender for "any cause of action for irregularity in

19  the [foreclosure] sale procedure." Id. at 1109. Here, plaintiff

20  asserts no causes of action that rely on any irregularity in the

21  foreclosure sale itself. Indeed, the only claim addressed by the

22  motions that may concern irregularity in the foreclosure itself

23  is the wrongful foreclosure claim, which the court rejects below.

24  Accordingly, the court concludes that plaintiff need not allege

25  tender, and defendants' motion is denied on this ground.

26  ////

**B.   Fraud**

Plaintiff brings a claim for fraud against all defendants. The elements of a claim for intentional misrepresentation under California law are (1) misrepresentation (a false representation, concealment or nondisclosure), (2) knowledge of falsity, (3) intent to defraud (to induce reliance), (4) justifiable reliance, and (5) resulting damage. <u>Agosta v. Astor</u>, 120 Cal. App. 4th 596, 603 (2004). Claims for fraud are subject to a heightened pleading requirement under Fed. R. Civ. P. 9(b), as discussed above.[2]

The FAC's allegations in support of the claim for fraud as to moving defendants are that:

> Defendant [AHMSI] misrepresented to Plaintiff that [AHMSI] has the right to collect monies from Plaintiff on its behalf or on behalf of others when Defendant [AHMSI] has no legal right to collect such moneys. [¶] . . . . Defendant MERS misrepresented to Plaintiff on the Deed of Trust that it is a qualified beneficiary with the ability to assign or transfer the Deed of Trust and/or Note and/or substitute trustees under the Deed of Trust. Further, Defendant MERS misrepresented that it followed the applicable legal requirements to transfer the Note and Deed of Trust to subsequent beneficiaries. [¶] . . . Defendants T.D., [ADSI], and Deutsche misrepresented to Plaintiff that Defendants T.D., AHMSI, and Deutsche were entitled to enforce the security interest and has the right to institute a non-judicial foreclosure proceeding under the Deed of Trust when Defendant T.D. filed a Notice of Default on June 23, 2009. . . .

---

[2] Defendants also argue that California law requires a pleading of fraud against a corporation to be even more particular. However, as plaintiff points out, and defendants do not contest, pleading standards are a procedural requirement and while federal courts are to apply state substantive law to state law claims, they must always apply federal procedural law. <u>Hanna v. Plumer</u>, 380 U.S. 460, 465 (1965).

1  FAC ¶¶ 110-12. As to plaintiff's claims against AHMSI and MERS,

2  plaintiff failed to plead the time, place or identities of the

3  parties of the misrepresentation. Accordingly, the fraud claim is

4  dismissed as to these defendants. Further, as to defendant

5  Deutsche, plaintiff has not alleged any misrepresentation made by

6  these defendants, but rather relies on alleged misrepresentations

7  made by another defendant concerning them. A claim for fraud

8  requires that plaintiff plead that the defendant made a

9  misrepresentation. As such, here, where plaintiff alleges no

10 statements by defendants ADSI and Deutsche, plaintiff has not

11 pled a claim against them, and thus, the fraud claims against

12 them are likewise dismissed. Plaintiff's claim against T.D.,

13 while pleading the time and place of the alleged

14 misrepresentation, nonetheless fails to allege the identity of

15 the parties to the alleged misrepresentation, mainly who made the

16 statement(s) on behalf of T.D. The court further notes, as

17 described below, that to the extent that plaintiff's claim relies

18 on defendants' possession of the note prior to foreclosure, this

19 court recently decided that California law does not impose a

20 requirement of production or possession of the note prior to

21 foreclosure, and sees no reason to depart from this reasoning.

22 Champlaie v. BAC Home Loans Serv., No. S-09-1316 LKK/DAD, 2009 WL

23 3429622, at *12-14 (E.D. Cal. Oct. 22, 2009). Thus, plaintiff's

24 fraud claim is dismissed without prejudice as to all moving

25 defendants.

26 ////

1  **C.    Real Estate Settlement Procedures Act**

2      Plaintiff argues that AHMSI has violated the Real Estate

3  Settlement Procedures Act (RESPA) by failing to meet its

4  disclosure requirements and failing to respond to a QWR. FAC ¶¶

5  90-91. Defendant AHMSI argues that plaintiff has failed to attach

6  the alleged QWR or to allege its full contents and that any QWR

7  must inquire as to the account balance and relate to servicing of

8  the loan, while plaintiff's alleged QWR was nothing more than a

9  request for documents. 12 U.S.C. 2605(e)(1) defines a QWR as

10 written correspondence that identifies the name and account of

11 the borrower and includes a statement of reasons the borrower

12 believes the account is in error or provides sufficient detail

13 regarding other information sought. Here, plaintiff alleges that

14 its communication with AHMSI identified plaintiff's name and loan

15 number and included a statement of reasons for plaintiff's belief

16 that the loan was in error. FAC ¶ 91. This is a sufficient

17 allegation of a violation of 12 U.S.C. 2605(e). Further, a

18 plaintiff need not attach a QWR to a complaint to plead a

19 violation of RESPA for failure to respond to a QWR.

20     AHSMI also argues that plaintiff must factually demonstrate

21 that written correspondence inquired as to the status of his

22 account balance and related to servicing of the loan, citing

23 MorEquity, Inc. v. Naeem, 118 F. Supp. 2d 885 (N.D. Ill. 2000).

24 This case held that allegations of a forged deed and irregularity

25 with respect to recording did not relate to servicing as it is

26 defined in 12 U.S.C. Section 2605(i)(3), and that only servicers

1  are required to respond to a QWR under 12 U.S.C. Section

2  2605(e)(1)(A). Morequity, 118 F. Supp. 2d at 901. Section

3  2605(i)(3) defines servicing as the "receiving [of] any scheduled

4  periodic payments from a borrower pursuant to the terms of any

5  loan, including amounts for escrow accounts described in section

6  2609 of this title, and making [of] the payments of principal and

7  interest and such other payments with respect to the amounts

8  received from the borrower as may be required pursuant to the

9  terms of the loan."

10  AHMSI does not contend that it is not a servicer but rather

11  argues that the purported QWR here did not relate to servicing

12  because it was merely a request for documents. However, 12 U.S.C.

13  Section 2605(e)(1)(A) requires only that a QWR be received by a

14  servicer, enable the servicer to identify the name and account of

15  the borrower, and include a statement of reasons for the

16  borrower's belief that the account is in error or provide

17  sufficient detail regarding other information sought. Here,

18  plaintiff allegedly stated reasons for believing the account was

19  in error and AHMSI does not contest that it was the servicer of

20  plaintiff's loan, distinguishing this case from MorEquity.

21  Accordingly, plaintiff has stated a claim against AHMSI for

22  violation of RESPA in failing to respond to a QWR.

23  Plaintiff also alleges that AHMSI violated RESPA by failing

24  to provide notice to plaintiff of the assignment, sale, or

25  transfer of servicing rights to plaintiff's loan. FAC ¶ 89.

26  Notice by the transferor to the borrower is required by 12 U.S.C.

13

Section 2605(b). AHMSI counters that plaintiff has failed to allege that servicing rights were actually transferred, that plaintiff is not even certain which defendant was actually servicer at any given time, and plaintiff's allegations that AHMSI is responsible for responding to a QWR creates an inference that plaintiff believes it is responsible for servicing (and therefore did not transfer servicing rights). However, moving defendants themselves ask this court to take judicial notice of an assignment of deed of trust in which AHMSI purports to assign the deed of trust to Deutsche. Defs.' RFJN ex. 5. This document is judicially noticeable as a public record. Thus, despite plaintiff's uncertainty about who held servicing rights when, AHMSI cannot both ask us to take judicial notice of a transfer of their rights and contend that a claim that they failed to give requisite notice pursuant to said transfer is non-cognizable.

Accordingly, the motion to dismiss plaintiff's RESPA claim with respect to AHMSI is denied.

**D.   Violations of California's Rosenthal Fair Debt Collection Practices Act**

California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") prohibits creditors and debt collectors from, among other things, making false, deceptive, or misleading representations in an effort to collect a debt. Cal. Civ. Code § 1788, et seq. Pursuant to Cal. Civ. Code Section 1788.17, the Rosenthal Act incorporates the provisions of the federal Fair Debt Collection Practices Act prohibiting "[c]ommunicating or

1  threatening to communicate to any person credit information which
2  is known or which should be known to be false." 15 U.S.C. §
3  1692e(8).

4      Plaintiff alleges that AHMSI violated the Rosenthal Act by
5  making false reports to credit reporting agencies, falsely
6  stating the amount of debt, falsely stating a debt was owed,
7  attempting to collect said debt through deceptive letters and
8  phone calls demanding payment, and increasing plaintiff's debt by
9  stating amounts not permitted including excessive service fees,
10 attorneys' fees, and late charges. FAC ¶ 73-75. AHMSI argues that
11 foreclosing on a property is not collection of a debt, and so is
12 not regulated by the Rosenthal Act, that the alleged prohibited
13 activities resulted from plaintiff's default, and plaintiff has
14 not alleged when the violations occurred. AHMSI correctly points
15 out that foreclosure on a property securing a debt is not debt
16 collection activity encompassed by Rosenthal Act. Cal. Civ. Code
17 § 2924(b), Izenberg, 589 F. Supp. 2d at 1199. However,
18 plaintiff's allegations with respect to this cause of action do
19 not mention foreclosure, instead alleging violations related to
20 payment collection efforts. See Champlaie v. BAC Home Loans
21 Servicing, LP, 2009 WL 3429622 at *18 (E.D. Cal. October 22,
22 2009). Further, the actions of debt collectors under the act are
23 not immunized if plaintiff actually owed money. Rather, the
24 Rosenthal Act prohibits conduct in collecting a debt, whether
25 valid or not. Accordingly, AHMSI's second argument is without
26 merit. Lastly, as to AHMSI's third argument, plaintiff has

1  sufficiently alleged the general time of the conduct he claims

2  violates the Rosenthal Act.[3] Specifically, the court infers from

3  the complaint, that the alleged conduct occurred after plaintiff

4  stopped making his loan payments. Thus, AHMSI's motion to dismiss

5  this claim is denied.

6  **E.   Wrongful Foreclosure**

7      Plaintiff alleges wrongful foreclosure against AHMSI, T.D.,

8  ADSI, Deutsche, and MERS because they do not possess the note,

9  are not beneficiaries, assignees, or employees of the person or

10 entity in possession of the note, and are not otherwise entitled

11 to payment, such that they are not persons entitled to enforce

12 the security interest under Cal. Com. Code Section 3301. FAC ¶

13 146. Plaintiff also alleges in his complaint that the foreclosure

14 is wrongful because defendants failed to give proper notice of

15 the notice of default under Cal. Civ. Code Section 2923.5 and

16 AHMSI allegedly failed to respond to a QWR.[4] FAC ¶¶ 149-50.

17     AHMSI, ADSI, Deutsche, and MERS assert that they need not be

18 in possession of the note in order to foreclose, and that

19 recorded documents establish that Deutsche is holder in due

20 course of the note and deed of trust and the foreclosing entity,

21 and is thus legally entitled to enforce the power of sale

22 _____

23     [3] AHMSI only appears to move under Federal Rule of Civil
   Procedure 8, and not 9(b).
24

25     [4] Defendants only move to dismiss this claim based upon the
   first theory of liability. As such, plaintiff's claim is not
   dismissed insofar as it depends on these other theories of
26 liability articulated in his complaint.

1  provisions of the deed of trust. Defendant T.D. contends that the

2  holder of the note theory is invalid, as a deed of trust is not a

3  negotiable instrument, and that the requirements of Cal. Civ.

4  Code Section 2923.5 have been met.

5      California's non-judicial foreclosure process, Cal. Civ.

6  Code Sections 2924-29241, establishes an exhaustive set of

7  requirements for non-judicial foreclosure, and the production of

8  the note is not one of these requirements. Champlaie, 2009 WL

9  3429622 at *13. Accordingly, possession of the promissory note is

10  not a prerequisite to non-judicial foreclosure in that a party

11  may validly own a beneficial interest in a promissory note or

12  deed of trust without possession of the promissory note itself.

13  Id. at *13-14. Consequently, defendants need not offer proof of

14  possession of the note to legally institute non-judicial

15  foreclosure proceedings against plaintiff, although, of course,

16  they must prove that they have the right to foreclose. Thus,

17  plaintiff's wrongful foreclosure claim is dismissed insofar as it

18  is premised upon this possession of the note theory.

19      Nonetheless, plaintiff may have stated a claim against

20  defendants that they are not proper parties to foreclose.

21  Plaintiff and AHMSI, Deutsche, and MERS have requested that the

22  court take judicial notice of the assignment of deeds of trust

23  which purport to assign the interest in the deed of trust first

24  to AHMSI and then to Deutsche. As described above, the deed of

25  trust listed MERS as the beneficiary. On June 23, 2009, T.D.

26  recorded a notice of default that listed Deutsche as the

1  beneficiary and AHMSI as the trustee. Nearly a month later, on
2  July 20, 2009, MERS first recorded an assignment of this mortgage
3  from MERS to AHMSI, which indicated that the assignment was
4  effective June 9, 2009. Eleven seconds later, AHMSI recorded an
5  assignment of the mortgage from AHMSI to Deutsche, which
6  indicated that the assignment was effective June 22, 2009. The
7  court interprets plaintiff's argument to be that the backdated
8  assignments of plaintiff's mortgage are not valid, or at least
9  were not valid on June 23, 2009, and therefore, Deutsche did not
10 have the authority to record the notice of default on that date.
11 Essentially, the court assumes plaintiff argues that MERS
12 remained the beneficiary on that date, and therefore was the only
13 party who could enforce the default.

14      While California law does not require beneficiaries to
15 record assignments, see California Civil Code Section 2934, the
16 process of recording assignments with backdated effective dates
17 may be improper, and thereby taint the notice of default.
18 Defendants have not demonstrated that these assignments are valid
19 or that even if the dates of the assignments are not valid, the
20 notice of default is valid. Accordingly, defendants motion to
21 dismiss plaintiff's wrongful foreclosure is denied insofar as it
22 is premised on defendants being proper beneficiaries. As
23 discussed below, defendant is invited, but not required, to file
24 a motion addressing the validity of the notice of default given
25 the suspicious dating in the assignments with respect to both
26 their motion to dismiss and their motion to expunge the notice of

1 pendency.

2      Thus, Plaintiff has not stated a claim that defendants did
3 not possess the right to foreclose plaintiff's loan because (1)
4 defendants did not possess or produce the note or (2) Deutsche
5 lacked the authority to record a notice of default. For the
6 reasons described above, this claim is dismissed insofar as
7 liability is based upon defendants' not possessing the note.

8 **F.   Negligence**

9      Plaintiff alleges negligence against all defendants, but
10 only T.D. has moved to dismiss this claim. Under California law,
11 the elements of a claim for negligence are "(a) a legal duty to
12 use due care; (b) a breach of such legal duty; and (c) the breach
13 as the proximate or legal cause of the resulting injury." Ladd v.
14 County of San Mateo, 12 Cal. 4th 913, 917 (1996) (internal
15 citations and quotations omitted); see also Cal Civ Code §
16 1714(a).

17      The other defendants do not directly counter the negligence
18 claim, but T.D. argues that it fails because the FAC does not
19 mention it by name or allege what it was supposed to do. The only
20 notice T.D. received of the negligence allegations against it
21 through plaintiff's complaint are the words "Against all
22 Defendants" and the incorporation of allegations set forth above.
23 When a defendant must scour the entire complaint to learn of the
24 basis of the charges against them, they have not received
25 effective notice. See Baldain v. American Home Mortg. Servicing,
26 Inc., No. CIV. S-09-0931, 2010 WL 582059, *8 (E.D.Cal. Jan. 5,

19

1  2010). Accordingly, this claim is dismissed as to T.D., with

2  leave to amend.

3  **G.    Violations of California Business and Professions Code Sec.
         17200**

4

5      California's Unfair Competition Law, Cal. Bus. & Prof. Code

6  § 17200, ("UCL") proscribes "unlawful, unfair or fraudulent"

7  business acts and practices. Plaintiff claims all defendants

8  violated the UCL. The claim against AHMSI is based on its alleged

9  violations of the Rosenthal Act, RESPA, negligence, fraud, and

10 illegal foreclosure activities. FAC ¶ 122. The claim against

11 T.D., Deutsche, and MERS is based on allegations of negligence,

12 fraud, and illegal foreclosure activities. FAC ¶ 124.

13     As discussed above, plaintiff has alleged valid causes of

14 action against AHMSI for violation of the Rosenthal Act and RESPA

15 and for negligence. Plaintiff has also stated valid claims

16 against Deutsche and MERS for negligence. However, the court has

17 dismissed the negligence claim against T.D. and the fraud and

18 wrongful foreclosure claims against all defendants, and thus,

19 these claims cannot form the basis of a violation of UCL under

20 the present complaint.

21     Plaintiff' UCL claim is therefore dismissed as to T.D., and

22 as to the AHMSI, Deutsche, and MERS insofar as the claim is

23 predicated on fraud and wrongful foreclosure under the possession

24 or production of the note theory.

25 ////

26 ////

**H.    Motion to Expunge Notice of Pendency of Action (Lis Pendens)**

    **1.    Merits of Motion**

Defendants AHMSI, Deutsche, and MERS move to expunge notice of pendency of action. As described above, in order to succeed in opposing a motion to expunge a notice of pendency of action, plaintiff[5] must establish (1) that his complaint contains a real property claim, (2) that it is more likely than not that he will obtain a judgment against the defendant, and (3) that there was a defect in service or filing. See Castaneda v. Saxon Mortgage Servs., Inc., No. 2:09-01124 WBS DAD, 2010 WL 726903, *8 (E.D. Cal. Feb 26, 2010). Accordingly, plaintiff must tender evidence to successfully demonstrate that he is more likely than not to obtain a judgment against defendants. Because plaintiff must prevail on all of these elements, the court need not resolve all three. Rather, the court grants defendants' motion on all claims save one, because plaintiff has not established that it is more likely than not that he will obtain a judgment against the defendant.

As an initial matter, the only evidence plaintiff has presented to establish he is more likely than not to succeed on the merits of his claims are the recorded documents filed in defendants' request for judicial notice. This in and of itself supports the granting of defendants' motion on most of his claims. Instead of establishing his likelihood of success on the

---

[5] Plaintiff bears the burden of proof. Cal. Code Civ. Pro. § 405.30.

1   merits, plaintiff argues that the motion should be denied because

2   he has stated a claim under the Rosenthal Act, the RESPA, and the

3   Unfair Competition Law ("UCL") and for fraud and wrongful

4   foreclosure. As described above, plaintiff has not stated a claim

5   for fraud or wrongful foreclosure premised on the possession of

6   the note he argues in his oppositions to defendants' motions to

7   dismiss and motion to expunge,[6] so even if the court adopted

8   plaintiff's standard, he has not demonstrated he is likely to

9   succeed on these claims. Finally, the only relief provided by

10  RESPA[7] and the Rosenthal Act[8] is damages, and therefore, even if

---

[6] As noted above, plaintiff also alleges in his complaint that the foreclosure is wrongful because the defendants failed to give proper notice of the notice of default.  As further noted, the documents that the defendants requested the court to judicially notice raise questions about the propriety of the notice.  Under the circumstances, the court will not expunge the lis pendens.

[7] RESPA only affords the following types of relief for individual plaintiffs:
   (A)   any actual damages to the borrower as a result of the failure; and
   (B)   any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.
12 U.S.C. § 2605(f)(1).

[8] The Rosenthal Act affords the following types of relief:
   (A)   Any debt collector who violates this title . . . shall be liable to the debtor in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation.
   (B)   Any debt collector who willfully and knowingly violates this title with respect to any debtor shall . . . also be liable to the debtor . . . for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).
Cal. Civ. Code § 1788.30.

1 plaintiff were likely to succeed on the merits of these claims,

2 it would not entitle him to injunctive relief. The UCL does,

3 however, provide for injunctive relief. Cal. Bus. & Prof. Code §

4 17203. In support of his argument as to why this cause of action

5 should prevent this court from granting defendants motion,

6 plaintiff merely states,

7    Plaintiff made viable charging allegations that named
     Defendants, moving Defendants included, have engaged in
8    unfair and fraudulent business practices . . .
     [including] violations of . . . . RESPA . . . , fraud,
9    negligence and [the] Rosenthal Act . . . .

10 Opposition at 23. Plaintiff continues to raise arguments

11 concerning certain defendants alleged failures to make

12 disclosures at loan origination, and numerous arguments of which

13 the court disposed above in plaintiff's wrongful foreclosure

14 claim. Plaintiff makes no argument as to why this claim would

15 likely or even possibly support injunctive relief of enjoining

16 foreclosure of plaintiffs' home.

17    Nonetheless, as discussed above, plaintiff has raised a

18 serious issue concerning the validity of the notice of default.

19 Specifically, defendants' have not persuaded the court that the

20 backdated assignments are valid, and consequently, that they do

21 not taint the notice of default. Accordingly, plaintiff may have

22 demonstrated that it is more likely than not that he will be

23 entitled to judgment on this real property claim that the

24 backdated assignments invalidate the notice of default. Thus, the

25 motion to expunge the notice of pendency of action is denied as

26 to this claim only.

1    The court recognizes, however, that defendants may be able

2  to demonstrate that the assignments are either valid or if

3  invalid do not taint the notice of default. For this reason, the

4  court invites to file a motion to dismiss and to expunge the

5  notice of pendency on this issue alone. This motion should await

6  plaintiff's filing of any amended complaint.

7                        **IV.  CONCLUSION**

8    For the reasons stated above, defendants' motions to

9  dismiss, Doc. 21 and Doc. 23, are GRANTED IN PART.

10    The court DISMISSES the following claims:

11    1.    Sixth Claim, for fraud, as to all moving defendants.

12    2.    Tenth Claim, for wrongful foreclosure insofar as it is

13          premised on the theory that the note must be possessed

14          or produced to foreclose, as to AHMSI, T.D., and MERS.

15    All dismissals are without prejudice. Plaintiff is granted

16  twenty-one (21) days to file an amended complaint. It appears to

17  the court that the plaintiff may truthfully amend to cure defects

18  on some of his claims. However, plaintiff is cautioned not to

19  replead insufficient claims, or to falsely plead.

20    The court DENIES defendants' motion as to the following

21  claims, insofar as they are premised on the theories found

22  adequate in the analysis above:

23    1.    Second Claim, for violation of the Rosenthal Act.

24    2.    Third Claim, for negligence, as to AHMSI, ADSI,

25          Deutsche, and MERS.

26    3.    Fourth Claim, for violation of RESPA.

1      4.    Seventh Claim, under the UCL, as to AHMSI, ADSI,

2           Deutsche, and MERS.

3     The court further orders that defendants' motion to expunge

4 notice of pendency of action, Doc. 22, is DENIED.

5     Defendants are invited to file a motion to dismiss and a

6 motion to expunge the notice of pendency as to plaintiff's

7 wrongful foreclosure claim insofar as it is premised on the

8 backdated assignments of the mortgage.

9     IT IS SO ORDERED.

10    DATED:  March 30, 2010.

12

13                      LAWRENCE K. KARLTON

                       SENIOR JUDGE

14                      UNITED STATES DISTRICT COURT