LAW OFFICES OF GEORGE T. SMITHWICK
TIMOTHY SMITHWICK SBN 88087
18 CROW CANYON CT. SUITE 380
SAN RAMON, CA 94583
TELEPHONE: (925) 937-1717
FAX: (925) 648-2032
email: tsmithwick@gtslaw.net

Attorney for Plaintiff
CRAIG OHLENDORF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG OHLENDORF,<br><br>              Plaintiff,<br>v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC.; AMERICAN BROKERS CONDUIT; T.D. SERVICE COMPANY; AHMSI DEFAULT SERVICES, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-5; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NOVO MORTGAGE; JUVON REALTY, INC.; JUVON FINANCIAL, INC.; KIRK BERNARD DECLARK; JASON ANTHONY YOUNGS; KEN JENOBI; ANTHONY ALFANO; and DOES 1-20 inclusive,<br><br>              Defendants.<br>_____/ | **CASE NO. 2:09-CV-02081-LKK-EFB**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT T.D. SERVICE COMPANY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:        June 21, 2010<br>Time:       10:00 a.m.<br>Place:       U.S. District Court<br>                Eastern District of California<br>                501 I Street<br>                Sacramento, CA 95814<br>Courtroom: 4<br>Judge:      Hon. Lawrence K. Karlton |

    Plaintiff CRAIG OHLENDORF ("Plaintiff") respectfully submits the following

Memorandum of Points and Authorities in Opposition to Defendant  T.D. SERVICE

COMPANY,("T. D.") ( "Moving Defendant") Motion to Dismiss ("MTD") Plaintiff's Second

Amended Complaint ("SAC").

# I.
# INTRODUCTION

Plaintiff in this action is a victim of a predatory lending scheme whereby he was fraudulently induced to enter into an agreement that most likely will result in the loss of his home. Plaintiff acknowledges that money is owed to someone, and is not asking the Court to gift him a house. However, Plaintiff requests the necessary time to determine exactly how much money is owed, and to whom said monies should be paid. If Plaintiff is denied this opportunity, he may be confronted by multiple parties demanding payment, claiming to be the real party in interest.

Accordingly, Plaintiff respectfully requests, for the following reasons, that Moving Parties' Motion to Dismiss be denied in its entirety or, in the alternative, that Plaintiff be given leave to amend his Second Amended Complaint.

# II.
# FACTUAL BACKGROUND

A. **The Mortgage Backed Security Scheme**

Beginning in the 1990s, lenders developed a scheme to rapidly infuse capital into the home mortgage lending system by selling mortgages on the secondary market. The loans were "packaged" and sold, normally three to five times, to create a bankruptcy remote transaction. The financial entities then pooled the loans into large trusts, securitized the pool and sold these securities on Wall Street as mortgage backed securities, bonds, derivatives and insurances. Often, this was done at twenty (20) or thirty (30) times the original mortgage, turning a billion dollars in loans into twenty or thirty billion in profit for the lenders. (*See*, Second Amended Complaint ("SAC") ¶ 25.)

Eventually, following the legal requirements of having written assignments, notices, and consents between the various parties, was cast aside as too expensive and time consuming. (SAC ¶ 32.) The notes, instead of being properly assigned and delivered, were either shredded or boxed and warehoused. Occasionally, the notes were delivered directly to the servicer but not to the purchasing party, the real party in interest.

Further, as this process became more and more profitable, the underwriting requirements were repeatedly reduced to trap more unsuspecting borrowers. As the lenders reduced the underwriting requirements, they introduced the concept of "churning" loans, a calculated plan to repeatedly refinance borrowers' loans, taking as much equity as possible, and artificially driving up housing prices. (SAC ¶ 37.)

At the same time, the numbers of transactions necessitated the hiring of greater numbers of less qualified people who received minimal training, if any at all. This scheme has had a catastrophic effects on the market and the average homeowner, Plaintiff included. Lenders developed a system to track and move mortgage notes on this self-erected secondary market by creating an entity called the Mortgage Electronic Registration Systems, Inc. ("MERS"). Mortgages were then recorded in MERS' computers and sold.

### B. The Fraudulent Loan

In February of 2007, Plaintiff was solicited by Defendants Ken Jenobi ("Jenobi") and Anthony Alfano ("Alfano") to refinance his residential property located at: 795 Quartz Mine Road, New Castle, County of Placer, State of California ("Property"). (SAC ¶ 5.) Plaintiff was promised the "best deal" and the "best interest rates" available on the market, but was instead provided with an inferior, more expensive loan. This loan was recommended and sold to Plaintiff to increase Moving Defendants' profit. (SAC ¶ 24.) Defendants convinced Plaintiff to refinance his home and take cash out and give $180,000.00 to Defendant JONOBI to investment in his company, Defendants JUVON. Promises were made to the Plaintiff that he would net an income of $90,000.00 annually because of this investment. The Defendants JONOBI, ALFANO, and JUVON worked in concert to illegally set up a loan that should not have been approved. The true purpose of the loan was to generate fees, commissions and expenses payable to Defendants out of Plaintiff's refinance and alleged investment (SAC ¶ 46.)

Defendant ALFANO advised Plaintiff that he could get him 100% financing for their loan. However, Defendant ALFANO actually sold Plaintiff a predatory loan. The loan, in the amount of $450,000.00, carried a teaser rate of 1.25%, that adjusted to 12.950% interest rate, based on MTA index plus 2.75%. Plaintiff's loan was negatively amortized 120.00% and also

1  carried a prepayment penalty.  Plaintiff' initial monthly payments for the loan was $1,499.63.
2  Plaintiff' fully amortized payment was $4,365.19 (SAC ¶ 47.)
3      Plaintiff was not given a copy of any of the loan documents prior to closing as required.
4  (SAC ¶29.)  At closing, Plaintiff was only given a few minutes to sign the documents.  The
5  notary did not explain the loan documents, nor was Plaintiff allowed to review them.  Plaintiff
6  did not receive the required copies of a proper notice of cancellation.  (Id.)  The facts surrounding
7  this loan were hidden and continue to be hidden from Plaintiff.  (SAC ¶ 50.)  Plaintiff's SAC
8  alleged that Defendants pooled Plaintiff's loan with others and put it into a trust so that it was no
9  longer owned by an entity that could work with Plaintiff when the loan inevitably became
10 unaffordable; rather, it is (according to the Notice of Default) part of a trust in which any number
11 of persons have an interest.  (SAC ¶54.)
12     On or about April 17, 2009, a Qualified Written Request ("QWR") was mailed to
13 Defendant AHMSI.  The QWR included a demand to rescind the loan.  Moving Defendant
14 AHMSI has yet to properly respond to this Request (SAC ¶53.)  On information and belief,
15 Plaintiff alleges that each of the Defendants named herein is not a "person entitled to enforce"
16 the security interest under the Note and the Deed of Trust, as defined in California Commercial
17 Code § 3301.  Based on these facts the Moving Defendant was not "person[s] entitled to enforce"
18 the security interest allegedly created by the Note and Deed of Trust and in pursuing foreclosure
19 as they have, are engaging in a pattern of unlawful and illegal activity (SAC ¶ 54-57.)
20     On or about June 23, 2009, a Notice of Default was filed in Placer County, California, by
21 Defendant Defendant T.D. Service Company ("T.D. Service"), this notice identified Defendant
22 DEUTSCHE as the beneficiary under the Plaintiff's Deed.  This notice also identified Defendant
23 AHMSI Default, as Trustee, but failed to state Defendant AHMSI Default's role with respect to
24 Plaintiff's loan.  This notice, however, identified Defendant DEUTSCHE as either the original
25 Trustee (which it is not), the substitute Trustee or acting as agent for the Beneficiary under the
26 Deed of Trust.  The notice failed to explain when, how or under what authority Defendant
27 DEUTSCHE became a substitute Trustee or an agent for the Beneficiary (SAC ¶ 61.)
28     Plaintiff believes that discovery will show that Moving Defendants helped and actively

participated in Plaintiff's injuries by selling home loans to other financial entities, Plaintiff's loan included, which "pooled" large numbers of loans, put them into trusts, and sold securities based on them. Moving Defendants, as well as Defendants named herein are nothing more than third parties coming in and abusing the non-judicial foreclosure process.

### III.  DISCUSSION

**A.     Legal Standard**

      **1.     Dismissal Is Inappropriate Under Rule 12(b)(6)**

On a motion to dismiss, the Court should accept all the allegations as true and draw all reasonable inferences in favor of the plaintiff. (Scheuer v. Rhodes, 416 U.S. 232, 236, overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto 405 U.S. 319, 322 (1972).) To survive a motion to dismiss a plaintiff need to plead "only facts to state a claim for relief that is plausible on its face." (Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007).) A dismissal is only appropriate where the plaintiff fails to state a claim supportable by any cognizable legal theory. (Balistreri v. Pacific Police Department, 901 F.2d 696, 699 (9th Cir. 1990).) A complaint must "only give the defendant fair notice of what plaintiff's claim and the grounds of which it rests." (Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Bell Atlantic Corporation v. Twombly, 550 U.S. at 563.) Any existing ambiguities must be resolved in favor of the pleading. (Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).) In deciding a motion to dismiss, the court must accept as true the allegations of the complaint and must construe those allegations in a light most favorable to the non-moving party. (Wyler Summit Partnership v. Turner Broadcasting Inc., 135 F. 3d 658, 661 (9th Cir. 1998).) Generally, a court may not consider any material beyond the pleading in ruling on a 12(b)(6) motion. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F. 2d 1542, 1555 n. 19 (9th Cir. 1990).) However, where it is inclined to grant a motion to dismiss, a district court should provide leave to amend unless it is clear that a complaint could not be saved by any amendment. (Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996).)

In this case, Plaintiff has pled more than sufficient facts to allege the nature and extent of the wrongful conduct committed by Moving Defendants in paragraphs 20-62 of Plaintiff's SAC.

1  These factual allegations are thereafter incorporated by reference into each applicable cause of
2  action.  At this point in the litigation, the Court must consider the allegations in Plaintiff's SAC
3  as true, without requiring Plaintiff to prove his case.  The federal notice pleading requires
4  Plaintiff only to allege enough facts to place Moving Defendants on notice of the cause of action,
5  general facts, elements and damages claimed.  In accordance with the holding in <u>Bell Atlantic</u>,
6  proof of the specific and detailed wrongdoing, of which each of the Defendants named herein are
7  most culpable and responsible for, is reserved for the later stage of the litigation due to the simple
8  reason that such proof can only be obtained through discovery.

9      Here, the individual causes of action have been appropriately pled sufficiently to place
10 Moving Defendants on notice and to allow them to research and defend the allegations against
11 them.  Plaintiff has stated the factual basis of and the requisite elements of each and every cause
12 of action.  As such, Plaintiff has sufficiently pled all of the necessary facts and elements to state a
13 claim against Moving Defendants.  Moreover, Plaintiff has alleged that Moving Defendants
14 together, in a "conspiratorial nature" undertook the misdeeds herein.  Moving Defendants are
15 indeed liable to the extent that it acted as agents, servants and/or employees of the remaining
16 Defendants and for each other.  The Ninth Circuit has held that averments of agency are not
17 required in a complaint.  (<u>Greenberg v. Sala</u>, 822 F.2d 882, 886 (9th Cir. 1987) (holding that "[a]
18 person legally responsible for an act may be alleged to have committed it without going into the
19 theories which support that ultimate fact").)  As such, the "civil conspiracy" as alleged and
20 incorporated into all subsequent causes of action sufficiently provides the threshold legal and
21 factual basis for several causes of action that at first blush may seem inappropriate for a
22 particular Defendant.  The overview to this "shell" game is that all who participated in this "get
23 rich quick" scheme cannot now claim that they are somehow an innocent, unrelated third party.

24 **B.**     <u>**Assignment and Specific Causes of Action**</u>

25     Moving Defendant claims that all Plaintiff's claims are based on the "produce the note
26 theory".  Plaintiff's accepts that this Court has rejected this theory but Plaintiff must point out, as
27 has this Court, that these claims are also based upon the theory that the first and second
28 assignments were fraudulently back dated. The Plaintiff asserts that the Notice of Default which

was recorded on June 23, 2009 was recorded illegally and therefore MERS who was the original beneficiary was the only party who could enforce the default. Therefore, Moving Defendant has no standing to initiate foreclosure proceedings or to foreclose on Plaintiff's home under California Civil Code § 2923.5 and all activities and false representations by T.D. Service, associated with foreclosure proceedings are illegal and have wronged the Plaintiff.  Accordingly, this Court Should not dismiss Plaintiff's Causes of Action in the SAC against Defendant T.D. Service.

### 1. Moving Defendant's Purported Compliance With Cal. Civ. Code § 2923.5

Plaintiff's position is that Defendants initiated foreclosure proceedings against Plaintiff's Property without any right to do so.  Cal. Civ. Code § 2924 authorizes only the "trustee, mortgagee, or beneficiary, or any of their authorized agents" to commence foreclosure against borrowers that are alleged to be in default.  (See, Cal. Civ. Code § 2924(a)(1).)  Strict compliance with the statutory requirements is obligatory: any statute deficiency requires that the sale be set aside. (See, *In re* Tome, 113 B.R. 626 (Bankr. C.D. Cal. 1990).  As noted above, given fraud at the inception of Plaintiff's loan, Defendant AHMSI Default was not an appropriate mortgagee. Accordingly, Defendant AHMSI Default was not authorized to foreclose against Plaintiff's Property pursuant to Cal. Civ. Code § 2924, which renders the NOD and subsequent Notice of Trustee's Sale inaccurate.  These notices were thus rendered ineffective.  Defendant AHMSI Default 's recital of the satisfaction of procedural requirements does not invalidate the fact that it did not have the authority to initiate those procedural steps, which is Plaintiff's allegation Accordingly, the Court should deny Moving Defendants' Motion to Dismiss the wrongful foreclosure claim.

### 2. Plaintiff Need Not Actually Tender Bond to Plead Wrongful Foreclosure.

Moving Defendants inferr that Plaintiff lacks standing because he must tender payment of the outstanding indebtedness in order to challenge the validity of a foreclosure.

It is settled law in California that a tender need not be made where it would be inequitable to do so.  This principle was established in Humboldt Sav. Bank v. McCleverty, 161 Cal. 285, 291 (1911), which held that "...it is certainly not the law that an offer to pay the debt must be made, where it would be inequitable to exact such offer of the party complaining of the sale." (Id.; see

also, <u>ING Bank v. Ahn</u>, 2009 WL 2803965, *2 (N.D. Cal.) (holding that dismissal was not required at the pleadings stage if there is a question regarding the plaintiff's ability to effectuate tender).) Such discretion lies in a court's equitable powers, taking into consideration all the circumstances, including the nature of the violations and the borrower's ability to repay the proceeds. Additionally, tender is not required when the owner's action attacks the validity of the underlying debt because the tender would constitute an affirmation of the debt. (<u>Onofrio v. Rice</u>, 55 Cal. App. 4th 413, 424 (1997); <u>Stockton v. Newman</u>, 148 Cal. App. 2d 558, 564 (1957).) Further, this Court may permit the trustor to set aside the foreclosure sale on condition that payment be made after entry of judgment. (<u>Holland v. Pendleton Mtge. Co.</u>, 61 Cal. App. 2d 570, 578 (1943); <u>see also</u>, <u>Lo v. Jensen</u>, 88 Cal. App. 4th 1093, 1099 (2001) (holding that requiring bond where plaintiffs claimed fraud in the trustee's sale is improper.) Plaintiff alleged fraud at the inception of the loan transactions, and further that Moving Defendants engaged in fraud in attempting to obtain putative title to Plaintiff's Property. (FAC, ¶¶ 56-57.)

  Moving Defendants next argue that California Commercial Code provisions do not govern with respect to non-judicial foreclosures. This position is also contrary to California law. Federal and state courts that have considered this issue have uniformly held that a promissory note secured by a mortgage is a negotiable instrument subject to provisions to Article 3 of the California Commercial Code. (See, <u>In re Flamingo 55, Inc.</u>, 2007 Bankr LEXIS 3653 (2007); <u>Bank of Balboa v. Benneson</u>, 122 Cal App 121, 123 (1932) (interpreting former Cal. Civ. Code § 3265, now found in Cal. Com. Code § 3104 .) Thus, Moving Defendants' are required to comply with California UCC as it applies to Plaintiffs' Note.

  Moreover, at this stage of the proceedings, Plaintiff has no idea how much to tender or to whom. Discovery will be required to determine the total fees and costs taken from the Plaintiff at the time of the loan origination and her total payments over the life of the loan. These amounts will be credited against the gross amount owed to determine the tender requirement. Under the California law, Plaintiff's right to a setoff can be used to satisfy the tender requirement. (<u>Hauger v. Gates</u>, 42 Cal. 2d 752, 753 (1954).) Requiring Plaintiff to tender outstanding indebtedness at this juncture, which is disputed, will serve as a bar to their ability to assert their legal claim.

Further, even if Plaintiff presently did not allege sufficient funds available to make the tender at this time, that does not mean that she will unable to do so at a later time. Circumstances may very well change between now and time of tender. As such, Plaintiff's failure to allege that she is ready, willing and able to tender the proceeds is not fatal to her claim at this early stage of the proceedings. Moreover, this Court can exercise its equitable discretion to allow a claim for wrongful foreclosure to proceed in the absence of showing that one can make the tender. Requiring Plaintiff to tender outstanding indebtedness, which is disputed, will serve as a complete bar to his ability to assert his legal claim. Accordingly, by reasoning of all the preceeding Plaintiff's arguments, this Court should deny Moving Defendants' Motion to Dismiss the Wrongful Foreclosure Cause of Action.

## V. CONCLUSION

Plaintiff is not contending that he does not owe a debt to someone, and he is not seeking a windfall from the Court. Plaintiff is also not contending that he does not owe a debt to any of the named Defendants. Plaintiff simply requests the opportunity to conduct discovery to determine the real parties in interest and the actual amount of debt owed. Based upon Plaintiff's SAC and the arguments set forth herein, Plaintiff respectfully requests that Moving Defendant's Motion to Dismiss be denied. In the alternative, should the Court desire more facts be pled, Plaintiff requests Leave to Amend.

DATED: June 4, 2010

                                        Respectfully submitted

                                        /s/ George T. Smithwick
                                        GEORGE T. SMITHWICK
                                        Attorney for Plaintiff Craig Ohlendorf

# **CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA )
                    )ss.
COUNTY OF SACRAMENTO )

I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of 18 years and not a party to the within above-entitled action; my business address is 2882 Prospect Park Drive, Suite 350, Rancho Cordova, CA 95670.

On this date I served the foregoing document described as follows:

**PLAINTIFF'S OPPOSITION TO DEFENDANT T.D. SERVICE COMPANY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

on the following interested parties in this action:

SEE ATTACHED SERVICE LIST

The following is the procedure in which service of this document was effected:

❏   Facsimile, Time: _____ P.M.; Date:

❏   Federal Express, Priority Overnight

❏   United Parcel Service, Next Day Air

❏   United States Mail,

✓   By Electronic Mail - I hereby certify that I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the above listed CM/ECF registrants.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California and that this declaration was executed on June 4, 2010 at Sacramento, California.

/s/ Robert W. Gray
ROBERT W. GRAY

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
10

## SERVICE LIST

| | |
|---|---|
| T. Robert Finlay<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court<br>Suite 280<br>Newport Beach, CA 92660<br>949-477-5050<br>949-477-9200 (fax)<br>rfinlay@wrightlegal.net | Representing Defendants<br><br>AHMSI Default Services, Inc.<br><br>American Home Mortgage Servicing<br><br>Mortgage Electronic Registration Systems, Inc.<br><br>Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Pass-Through Certificates, Series 2007-5 |
| Lawrence J. Dreyfilss, Bar No. 76277<br>Bruce Dannemejler, Bar No. 107243<br>THE DREYFUSS FIRM<br>A Professional Law Corporation<br>7700 Irvine Center Drive, Suite 710<br>Irvine, Califoinia 92618<br>(949) 727-0977; Facsimile (949) 450-0668 | Representing Defendant<br><br>T.D. Service Company |